THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00141-MR-WCM

| | |
|---|---|
| TAMMY JOHNSON BUCHANAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> APAC-ATLANTIC, INC. D/B/A ) <br> HARRISON CONSTRUCTION ) <br> COMPANY DIVISION OF APAC- ) <br> ATLANTIC, INC., ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Remand. [Doc. 5] and the Plaintiff's Motion for Leave to Amend Complaint [Doc. 13].

**I.  BACKGROUND**

On August 7, 2019, the Plaintiff Tammy Johnson Buchanan (the "Plaintiff"), a resident of Virginia, filed this action in the General Court of Justice Superior Court Division of Haywood County, North Carolina, against the Defendant APAC-Atlantic, Inc. d/b/a Harrison Construction Company Division of APAC-Atlantic Inc (the "Defendant"). [Doc. 1-4 at 5-15]. In her Complaint, the Plaintiff alleges that she was injured in a motorcycle accident

as a result of the Defendant's negligence. [Id. at 8]. The Plaintiff sought compensatory damages in excess of $25,000. [Id. at 11].

On January 17, 2020, the Plaintiff sent discovery to the Defendant disclosing that she incurred medical expenses of $35,402.22 and lost wages and income of $32,640.00 as a result of the accident. [Doc. 6 at 6; Doc. 5-3 at 1-27].

On May 29, 2020, the Plaintiff responded to the Defendant's Rule 8(a)(2) Request for Statement of Monetary Relief Sought by stating that the case sought damages up to the Defendant's insurance policy limits, which are over $75,000. [Doc. 1 at ¶ 6].[1] On June 9, 2020, the Defendant filed a Notice of Removal based on federal diversity jurisdiction under 28 U.S.C. § 1332(a). [Id.]. According to the Defendant, the initial Complaint made it unclear if this case was removable because the amount in controversy was only alleged to be in excess of $25,000. [Id. at ¶ 4]. The Defendant, however, claims that federal diversity jurisdiction now exists because there is complete diversity between the parties[2] and the Plaintiff's response to the

---

[1] While the Defendant does not disclose its specific insurance policy limits, the parties do not dispute that those limits exceed $75,000. [Doc. 1 at ¶ 6].

[2] The parties do not dispute that complete diversity exists here. Also, Defendant is not incorporated in the State of North Carolina and does not maintain its principal place of business in this state. [Doc. 5 at 2].

2

Rule 8(a)(2) request shows that the amount in controversy exceeds $75,000. [Id. at ¶¶ 7-8].

On July 7, 2020, the Plaintiff filed a Motion to Remand, arguing that that the Defendant's Notice of Removal on June 9, 2020 was filed outside the time for removal under 28 U.S.C. § 1446(b)(3) because it was clear that the amount in controversy was greater than $75,000 on January 17, 2020. [Doc. 5]. The Defendant responded on July 21, 2020. [Doc. 7]. The Plaintiff replied on July 28, 2020. [Doc. 9].

On August 27, 2020, the Plaintiff filed a Motion for Leave to Amend Complaint, which attempts to assert new claims against the Defendant. [Doc. 13].

Having been fully briefed, this matter is ripe for disposition.

## II. STANDARD OF REVIEW

Federal courts have original jurisdiction over civil actions between citizens of different states if the amount in controversy exceeds $75,000 and complete diversity exists between the parties. See 28 U.S.C. § 1332(a). A defendant may remove a civil action from a state court if the action is one "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The party seeking removal has the burden to demonstrate that federal jurisdiction is proper. Mulcahey v. Columbia Organic Chems.

Co., 29 F.3d 148, 151 (4th Cir. 1994). Federal courts are "obliged to construe removal jurisdiction strictly because of the 'significant federalism concerns' implicated." Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004) (en banc) (quoting Mulcahey, 29 F.3d at 151). Therefore, courts must "resolve all doubts in favor of remand." Strawn v. AT&T Mobility, LLC, 530 F.3d 293, 297 (4th Cir. 2008). "If federal jurisdiction is doubtful, a remand is necessary." Mulcahey, 29 F.3d at 151.

## III. DISCUSSION

Normally, a defendant cannot remove a case to federal court if more than thirty days have passed since the defendant was served with the complaint. See 28 U.S.C. § 1446. If, however, the case stated by the initial complaint was not removable, the defendant can remove the case within thirty days from "receipt . . . of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable," as long as one year has not passed from the date of the initial pleading. Id. at (b)(3),(c).[3] "[T]he thirty-day

---

[3] "Generally, the amount specified in the complaint will determine whether the jurisdictional amount is satisfied for purposes of removal." Bartnikowski v. NVR, Inc., 307 F. App'x 730, 734 (4th Cir. 2009) (unpublished). In North Carolina, however, "a plaintiff can plead for judgment in excess of a certain dollar amount, . . . making it difficult to determine the exact amount in controversy" from the initial pleading. Lee Elec. Constr., Inc. v. Eagle Elec., LLC, No. 1:03-cv-00065, 2003 WL 21369256, at *2 (M.D.N.C. June 10, 2003).

4

removal period is not triggered at the instant the case becomes removable, or even when the defendant has enough evidence to surmise that the case might have become removable; rather, an amended pleading, motion, order, or other paper must be *unequivocally clear and certain* . . . ." US Airways, Inc. v. PMA Capital Ins. Co., 340 F. Supp. 2d 699, 703–04 (E.D. Va. 2004) (citations and internal quotations omitted) (emphasis added). The Court is not required to investigate Defendant's subjective knowledge regarding when they discovered that grounds for removal existed, as that "could degenerate into a mini-trial regarding who knew what and when." Lovern v. Gen. Motors Corp., 121 F.3d 160, 162 (4th Cir. 1997). Instead, the Court may determine the amount in controversy by considering all evidence bearing on the issue, including:

> the type and extent of the plaintiff's injuries and the possible damages recoverable therefore, including punitive damages if appropriate. The possible damages recoverable may be shown by the amounts awarded in other similar cases. Another factor for the court to consider would be the expenses or losses incurred by the plaintiff up to the date the notice of removal was filed.

Green v. Metal Sales Mfg. Corp., 394 F. Supp. 2d 864, 866 (S.D.W. Va. 2005) (quoting Watterson v. GMRJ, Inc., 14 F. Supp. 2d 844, 850 (S.D.W. Va. 1997)).

The Defendant argues that the Complaint did not show that this case was originally removable because it merely stated that the Plaintiff seeks damages "in excess" of $25,000. [Doc. 1 at ¶ 4]. The Plaintiff, however, argues that it was clear from the allegations in the Complaint and the documents she produced on January 17, 2020 that she seeks more than $75,000 in damages. [Doc. 6 at 2]. Specifically, the Plaintiff mentions allegations in the Complaint regarding the complete loss of her motorcycle, her permanent injuries to her right hand, ankle, and back, and her inability to complete certain physical tasks after undergoing surgery for the injuries she sustained. [Doc. 6 at 2]. The Plaintiff also highlights the documents she disclosed to the Defendant on January 17, 2020, which showed she had incurred medical expenses of $35,402.22 and lost wages and income of $32,640.00. [Doc. 6 at 6; Doc. 5-3 at 1-27].

Even if the Complaint failed to originally show that the amount in controversy exceeds $75,000, the documents that the Plaintiff disclosed on January 17, 2020 made it unequivocally clear that the Plaintiff seeks more than $75,000 in damages. Those documents showed that the Plaintiff claims that she incurred at least $68,042.22 in medical expenses and lost wages from the accident, notwithstanding any other damages she incurred as a result of the complete loss of her motorcycle, her future physical limitations,

6

Case 1:20-cv-00141-MR-WCM   Document 14   Filed 09/25/20   Page 6 of 8

and her pain and suffering. [Id.]. It is "unequivocally clear and certain" that the Plaintiff seeks more than $6,957.78 for those damages. As such, the documents that the Defendant received on January 17, 2020 qualify as "other paper"[4] that made it "unequivocally clear and certain" that the case was removable. US Airways, Inc., 340 F. Supp. 2d at 703–04. Accordingly, the Defendant had thirty days from January 17, 2020 to remove this action. 28 U.S.C. § 1446(b)(3). Because the Defendant did not file its Notice of Removal until June 9, 2020, this action must be remanded.

Having concluded that this action must be remanded to state court, the Court will deny the Plaintiff's Motion for Leave to Amend Complaint [Doc. 13] as moot.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Remand [Doc. 5] is **GRANTED**, and this case is hereby **REMANDED** to the General Court of Justice Superior Court Division of Haywood County, North Carolina for further proceedings.

---

[4] There is no question that documents disclosed during discovery can serve as "other paper" because the "other paper requirement is broad enough to include any information received by the defendant, whether communicated in a formal or informal manner." Yarnevic v. Brink's, Inc., 102 F.3d 753, 755 (4th Cir. 1996) (citations and internal quotation marks omitted).

**IT IS FURTHER ORDERED** that the Plaintiff's Motion for Leave to Amend Complaint [Doc. 13] is hereby **DENIED** as moot.

The Clerk of Court is respectfully directed to provide a certified copy of this Order to the Haywood County Superior Court Clerk.

**IT IS SO ORDERED.**

Signed: September 25, 2020

Martin Reidinger
Chief United States District Judge

8

Case 1:20-cv-00141-MR-WCM   Document 14   Filed 09/25/20   Page 8 of 8